# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

WENDY HUGHEN,      )
                        )
      Plaintiff,    )
                        )
**v.**                   )
                        )    **Case No. 3:20-cv-00236**
**BHG NASHVILLE #1, LLC dba**   )    **Judge Aleta A. Trauger**
**DRAKE'S,**             )
                        )
      Defendant.    )

## MEMORANDUM

Before the court is plaintiff Wendy Hughen's Second Motion to Remand and request for attorney's fees incurred in opposing removal. (Doc. No. 5.) For the reasons set forth herein, the motion will be granted and this case will be remanded, again, to the state court from whence it came. The court will, however, deny the request for attorney's fees.

## I.     PROCEDURAL HISTORY

The plaintiff originally filed suit in the Circuit Court for Davidson County, Tennessee on September 23, 2019, asserting discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and the Tennessee Human Rights Act ("THRA"). (Doc. No. 1-2, at 20–28.) The sole defendant identified in the case caption of the original Complaint was "Bluegrass Hospitality, LLC dba Drake's." (*Id.* at 20.) In the body of the Complaint, the plaintiff alleged that she had been employed by "Bluegrass Hospitality Group, LLC, dba Drake's" as a bartender (*id.* ¶ 7) and had been subjected to sex discrimination and a hostile work environment.

The business address for the defendant, as identified in the Complaint, was 3117 Cedar Cottage Dr., Hermitage, Davidson County, Tennessee 37076-1573. (*Id.* at 20 ¶ 3.) And the

Complaint alleged that venue was proper in the Circuit Court for Davidson County, Tennessee because the defendant "resided" in Davidson County, as reflected by the fact that the above-referenced address was registered with the Tennessee Secretary of State as Bluegrass Hospitality, LLC's business address. (*Id.*)

The summons issued by the Davidson County Clerk of Court was addressed to Bluegrass Hospitality, LLC, at 3117 Cedar Cottage Dr., Hermitage, Tennessee. (Doc. No 1-2, at 42.) The "Method of Service" identified on the summons is "personal service." According to the Affidavit of Constance Mann, plaintiff's attorney, dated October 18, 2019, Mann "issued the Summons and Complaint to the business location and registered agent found on the Tennessee Secretary of State website" and served it "via certified mail to Bluegrass Hospitality, LLC, 3117 Cedar Cottage Drive, Hermitage, TN." (*Id.* at 34.) However, that copy was returned to her by the Post Office as "unclaimed" on October 17, 2019. (*Id.* at 34; *see also id.* at 35–36 (copy of certified mail envelope and green card).) In addition, however, Mann states that she served the defendant by sending a copy of the Complaint and Summons via certified mail to "their home office," addressed to "BHG Nashville, 866 Malabu Drive, Suite 250, Lexington, KY 40502-3403." (Doc. No. 1-2, at 34.) The green card, documenting receipt, was returned around September 30, 2019. (*Id.*; *see also id.* at 37 (green card, signed by Katy Thomas as "agent" and dated 9/26).) Finally, on October 17, 2019, Mann personally served a copy of the Summons and Complaint on the restaurant manager on duty at Drake's restaurant located at 553 Cool Springs Blvd., Franklin, TN 37067. (*Id.* at 34; *see also id.* at 43 (copy of return of service).)

Despite a lack of clarity as to whether it was actually served, on October 25, 2019, defendant Bluegrass Hospitality, LLC removed the case to this court, asserting federal question jurisdiction over the plaintiff's Title VII claims as the basis for removal. Notice of Removal at 1, *Hughen v. Bluegrass Hospitality, LLC*, No. 3:19-cv-00949 ("*Hughen I*") (M.D. Tenn. Oct. 25, 2019), ECF No. 1 (Campbell, J. presiding). The Notice of Removal states that "Defendant,

Bluegrass Hospitality, LLC," was served with process "no sooner than August 27, 2019 [sic] with a copy of the Summons and Complaint for the state court action." *Id.* at 1. The defendant does not identify how it was served, but it attached to the Notice of Removal "a copy of all process, pleadings and orders, served upon Bluegrass Hospitality in this action, as required by 28 U.S.C. § 1446(a)." *Id.* at 2; *see also* Ex. 1.

The plaintiff thereafter filed a Motion for Leave to Amend Complaint and proposed Amended Complaint in the federal court. Even though, as discussed below, the plaintiff had apparently already learned by then that the "correct name" for the defendant was either "Bluegrass Hospitality Group, LLC or BHG Nashville, #1, LLC" (Doc. No. 1-2, at 29), the proposed Amended Complaint still identified the defendant as "Bluegrass Hospitality, LLC dba Drake's," with a principal business address at 3117 Cedar Cottage Drive, Hermitage, Tennessee. *See* Prop. Am. Compl., *Hughen I* (M.D. Tenn. Nov. 1, 2019), ECF No. 6-1. The proposed Amended Complaint omitted the claims under Title VII, leaving intact only the state law claims under the THRA. *Id.* The court granted the motion. Order, *Hughen I* (M.D. Tenn. Nov. 21, 2019), ECF No. 7; Am. Compl., *Hughen* (M.D. Tenn. Nov. 21, 2019), ECF No. 8.

The plaintiff thereafter filed a Motion to Remand to State Court, based on her having omitted any federal cause of action from the Amended Complaint. M. Remand, *Hughen I* (M.D. Tenn. Nov. 25, 2019), ECF No. 9. On December 18, 2019, defendant Bluegrass Hospitality, LLC filed a Notice of No Opposition to the Motion to Remand, based on the plaintiff's having removed her federal causes of action. In a footnote, the defendant's Notice stated as follows:

> The appropriate defendant for Plaintiff's claims, all of which are employment based[,] is her former employer, BHG Nashville #1, LLC, a Kentucky limited liability company, and not Bluegrass Hospitality, LLC, a Tennessee limited liability company. All of the members of BHG Nashville #1, LLC are residents of a state other than Tennessee. More than $75,000 in damages is sought by Plaintiff. If and when Plaintiff modifies her complaint to reflect the appropriate defendant for her claims, jurisdiction will again be appropriate in this Court based on 28 U.S.C. §§1332, 1441.

Notice of No Opposition at 1 n.1, *Hughen I* (M.D. Tenn. Dec. 18, 2019), ECF No. 10. The court, while recognizing that it had some discretion in the matter, remanded that case to the state court without acknowledging the footnote in the defendant's Notice. Order, *Hughen I.* (M.D. Tenn. Jan. 1, 2020), ECF No. 12.

Meanwhile, according to the October 23, 2019 Statement in Support of Service Via Secretary of State, filed in the then still-pending state court action and signed under penalty of perjury by the plaintiff's attorney, the plaintiff was already aware that the "correct name" for the defendant was either "Bluegrass Hospitality Group, LLC or BHG Nashville, #1, LLC." (Doc. No. 1-2, at 29.) She also knew that BHG Nashville #1, LLC ("BHG") was identified on the Tennessee Secretary of State's website as a limited liability company formed in Kentucky, with its principal office in Lexington, Kentucky, and that its agent and address for service of process in Tennessee was Charles Villanova, 1212 Wembly Ct., Gallatin, TN. (*Id.*) Because plaintiff's counsel's attempt to serve the initial Complaint on the defendant at that address via certified mail had been unsuccessful, she requested the assistance of the Tennessee Secretary of State in serving the defendant in Kentucky. (*Id.*)

Based on the state court records filed in this court as an exhibit to the current Motion to Remand, the plaintiff apparently also filed an Amended Complaint in the state court on October 24, 2019, just prior to the first removal. This version of the pleading still incorporated both federal and state claims, and the stated purpose of the Amended Complaint, identified in its title, was "[t]o add correct named defendants." (Doc. No. 1-2, at 10.) The text of the document, however, identifies the singular "defendant" as "Bluegrass Hospitality, LLC, dba Drake's, BHG Nashville #1, LLC, Bluegrass Hospitality Group, LLC." (*Id.*) The venue allegations were modified to state that the "defendant's business address registered with the Secretary of State is 3117 Cedar Cottage Drive, Hermitage TN 37076-1573 USA, Davidson County, TN and 1212 Wembly Court, Gallatin, TN 37066-8592." (*Id.*) The Amended Complaint alleges that, in responding to the plaintiff's

EEOC complaint, the defendant identified itself as "Bluegrass Hospitality, LLC, d/b/a Drake's"[1] but that, "upon information and belief, the correct name of Defendant is BHG Nashville #1, LLC." (*Id.* at 11.) The plaintiff further alleged, upon information and belief, that the plaintiff's "employer defendant is also" both BHG Nashville #1, LLC and Bluegrass Hospitality Group, LLC, the registered agent for both of which was Brian McCarty, located at 866 Malabu Drive, Suite 250, Lexington, KY 40502. (*Id.*) Based on the dates on the relevant documents in the state court record, filed with the current Notice of Removal, it appears that this Amended Complaint was served by the Tennessee Secretary of State, by registered or certified mail, upon Bluegrass Hospitality Group, LLC and BHG Nashville #1, LLC, care of Brian McArty [sic], at 866 Malabu Drive, Suite 250, Lexington, KY 40502. (*See* Doc. No. 1-2, at 46–59.) The certified mail was sent on October 31, 2019 and the green cards were returned to the Secretary of State on November 12, 2019. (*Id.* at 46, 51.) The state court record, however, does not reflect further attempts to serve Bluegrass Hospitality, LLC.

In any event, on February 21, 2020, almost two months after remand, the plaintiff filed a Second Amended Complaint in the state court action, in order to "clean up the causes of action, remove the Federal Causes of Action, and reflect the proper name of the Defendant." (Doc. No. 1-2, at 32.) She states that the filing was "unopposed." (*Id.*) The Second Amended Complaint identifies, as the sole defendant, "BHG Nashville #1, LLC," asserts claims under the THRA only, and still identifies the defendant as "residing" in Davidson County, Tennessee. (Doc. No. 1-2, at 1.)

---

[1] This statement is contradicted by Bluegrass Hospitality Group, LLC's EEOC response itself, filed by the plaintiff with her Second Motion to Remand. (Doc. No. 5-2.) This document, dated May 9, 2019, identifies the plaintiff's former employer as "Bluegrass Hospitality *Group* LLC, d/b/a Drake's" (emphasis added), which is shortened on occasion in the document to "Drake's," "BGH, LLC," and "BGH" (*Id.* at 1.) Nowhere does the employer refer to itself in the EEOC response as "Bluegrass Hospitality" or "Bluegrass Hospitality, LLC."

BHG, represented by the same counsel that purported to represent Bluegrass Hospitality, LLC for purposes of the first removal, filed its Notice of Removal on March 19, 2020. (Doc. No. 1.) It asserts that removal is now justified under 28 U.S.C. §§ 1332(a) and 1441 based on complete diversity of citizenship between the plaintiff and defendant and that the damages pleaded exceed $75,000. It also asserts that removal is timely, because it was effected within thirty days after the service of the Second Amended Complaint naming as the sole defendant BHG, a Kentucky limited liability company whose members are all citizens of a state other than Tennessee. (Doc. No. 1, at 2; *see also* Doc. No. 1-1, Decl. of R. Leathers.)

The plaintiff promptly filed her Second Motion to Remand and supporting Memorandum (Doc. Nos. 5, 5-1), arguing that (1) the removal is not timely; (2) the defendant waived the right to remove based on diversity jurisdiction by failing to raise that ground in the first removal notice; and (3) the defendant does not identify its principal place of business and, therefore, fails to carry its burden of proving complete diversity of citizenship. The plaintiff also seeks attorney's fees incurred in the course of preparing and filing the Second Motion to Remand.

In its Response (Doc. No. 6), BHG contends that the removal was timely and there was no waiver, because it could not have asserted diversity jurisdiction as grounds for removal until the plaintiff filed the Second Amended Complaint, properly naming BHG as the defendant, and that, while BHG and Bluegrass Hospitality *Group*, LLC and BHG are related entities, there is no relationship between them and Bluegrass Hospitality, LLC, a Tennessee limited liability company. It also points out that its Notice of Removal and counsel's Declaration both identify Lexington, Kentucky as BHG's principal place of business. It maintains that, because the removal was proper, plaintiff's counsel is not entitled to attorney's fees.

In her Reply (Doc. No. 9), the plaintiff counters with a question: who, exactly, removed the case the first time around? She speculates that it was not removed by Bluegrass Hospitality,

LLC and suggests that, if it was removed instead by BHG, who was not a defendant at the time, then BHG lacked standing to do so and the original removal was not effective in the first place.

## II.    STANDARD OF REVIEW

Removal from state court to federal court is proper for "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over, among other matters, "federal question" cases, that is, cases that implicate questions "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and over "civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a).

A court considers whether federal jurisdiction existed at the time of removal, and the removing party bears the burden of establishing that the jurisdictional requirements have been met. *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 404 (6th Cir. 2007) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). It is well settled in the Sixth Circuit that, "because they implicate federalism concerns, removal statutes are to be narrowly construed." *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). Thus, when there is uncertainty as to whether remand is appropriate, "[a]ll doubts as to the propriety of removal are resolved in favor of remand." *Smith*, 505 F.3d at 405 (citations omitted).

Generally, a notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). If an action is not removable on the basis of the initial pleading, "a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

## III. DISCUSSION

### A. The Motion to Remand

#### 1. *The Parties' Positions*

The plaintiff argues, first, that the Notice of Removal by BHG is not timely, having been filed outside the thirty days allotted by 28 U.S.C. § 1446(b). Second, and relatedly, she argues that BHG waived the ability to remove on the basis of diversity jurisdiction, since it did not raise diversity as grounds for removal in the initial Notice of Removal, which was timely. The plaintiff implicitly acknowledges that the defendant was incorrectly identified as "Bluegrass Hospitality, LLC" in the original complaint filed in the state court action. The basis for her argument is essentially that BHG "h[e]ld itself out under a different name(s) [sic]," including the name "Bluegrass Hospitality," in its response to the plaintiff's EEOC complaint, among various other names, but it never identified itself as "BHG Nashville #1, LLC"; BHG received proper and effective service of the original summons and Complaint at its headquarters in Kentucky no later than September 26, 2019;[2] and the plaintiff's error in naming the wrong party in the initial Complaint is irrelevant, since BHG had actual notice of the Complaint and had been officially served with process in September 2019. In support of her position, she relies upon a number of cases, including one from this court, *Brown v. New Jersey Manufacturers Insurance Group*, 322 F. Supp. 2d 947 (M.D. Tenn. 2004) (Wiseman, S.J.), and the cases cited therein.

In response, BHG argues that the removal was timely, and there was no waiver, because the second removal was filed within thirty days after the case first became removable on the basis of diversity, which did not occur until the plaintiff amended the pleading to remove, as a defendant,

---

[2] The plaintiff's Memorandum actually states that BHG received service of the summons and Complaint "no later than July 26, 2019," citing the returned green card. (Doc. No. 5-1, at 6.) The court presumes this to be a typographical error. It is true that the handwritten date on the green card could be read as "7/26" rather than as "9/26." (*See* Doc. No. 5-5.) However, since the original Complaint was not filed and the summons was not issued until September 23, 2019, the court presumes that the date of service was 9/26.

the non-diverse entity, Bluegrass Hospitality, LLC, and replace it with BHG Nashville #1, LLC, the proper defendant. BHG asserts that the cases upon which the plaintiff relies are inapposite, as they concern situations in which the plaintiffs either mistakenly named and served an incorrectly named entity or an entity closely aligned with the defendant, usually after having been led astray by the defendant's own actions. Here, in contrast, BHG argues, the plaintiff "did not merely misname BHG Nashville and sue a non-entity or a closely-aligned legal entity by mistake. Instead, Plaintiff misidentified the correct legal entity and sued Bluegrass, a completely unaffiliated Tennessee LLC, when she should have sued BHG Nashville, a Kentucky LLC." (Doc. No. 6, at 4.) The defendant, too, cites to various court opinions in support of its position. (*See id.* at 5, 6 (citing *Hersh v. Econ. Premier Assur. Co.*, No. 09-cv-00782-CMA-MJW, 2009 WL 2762728 (D. Colo. Aug. 25, 2009); *Toney v. Rimes*, No. 16-736-JBJ-RLB, 2017 WL 834985 (M.D. La. Feb. 9, 2017)).)

#### 2. *The Brown Line of Cases*

In *Brown v. New Jersey Manufacturers Insurance*, the proper defendant's name was "New Jersey Re-Insurance Company." 322 F. Supp. at 948. The plaintiffs erroneously identified it as the "New Jersey Manufacturers Insurance Group" in the case caption and as "New Jersey Manufacturers Insurance Company" in the body of the complaint. *Id.* Unaware of these errors, the plaintiffs served "New Jersey Manufacturers Ins. Co." at 301 Sullivan Way in West Trenton, New Jersey. *Id.* The return receipt indicated that service was made on Neil Jensen of the "N.J.M. INS. GROUP" on November 17, 2003. *Id.* The defendant filed a motion to dismiss, arguing that the plaintiffs had not named the correct defendant and that New Jersey Manufacturers Group was "a non-entity whose name was used simply to refer to four collective companies," including New Jersey Re-Insurance Company. *Id.* Upon discovering their error, the plaintiffs filed a motion to amend the complaint to substitute New Jersey Re-Insurance Company as the proper defendant. The defendant did not oppose amendment, and the Amended Complaint was served on it on March

1, 2004. On March 31, 2004, within thirty days, the defendant removed the case to federal court based on diversity jurisdiction.

In their subsequent motion to remand, the plaintiffs explained that their confusion arose from the letterhead used by the defendant in two different pre-suit communications with the plaintiffs, both of which included the name "NJM Insurance Group" or "New Jersey Manufacturers Insurance Company" on their face, only one of which also included the name New Jersey Re-Insurance Company, and both of which reflected the exact same address and telephone number. Although the defendant argued that it was not properly served until March 1 and, therefore, that the removal on March 31 was timely, the court disagreed. It found that the determinative question was "did New Jersey Re-Insurance Company receive a copy of the initial Declaratory Complaint through service or otherwise in November 2003 when Plaintiff served the New Jersey Manufacturers Insurance Company?" *Id.* at 950. It answered that question in the affirmative, noting that the evidence strongly suggested that the defendant was on notice of the lawsuit from its inception. Most relevant to its conclusion were the facts that (1) "the letterhead used by the wrongly named New Jersey Manufacturers Insurance Company and that used by the correctly named New Jersey Re-Insurance Company show that the address and phone number for the two companies are identical"; (2) the return receipt of service for the original complaint was stamped "N.J.M. INS GROUP," a name that also appeared on letterhead used by the New Jersey Re-Insurance Company to write to plaintiff's counsel, and the defendant admitted that "New Jersey Manufacturers Insurance Group is a collective name for four insurance companies that includes New Jersey Re-Insurance Company"; (3) "because the Defendant in its written communications with Plaintiff held itself out as several different companies it will not now be heard to argue that it is entitled to 30 days beyond the initial date of service because Plaintiff picked the wrong company to sue"; and (4) the defendant did not present any evidence suggesting it had not been aware of the lawsuit from its inception. *Id.* at 952–53.

In support of its holding, the court in *Brown* cited and relied upon *Iulianelli v. Lionel, L.L.C.*, 183 F. Supp. 2d 962 (E.D. Mich. 2002); *Jacobson v. Holiday Travel, Inc.*, 110 F.R.D. 424 (E.D. Wis. 1986); *Brizendine v. Continental Cas. Co.*, 773 F. Supp. 313 (N.D. Ala. 1991); and *Bogiel v. Teledyne Indus., Inc.*, 542 F. Supp. 45 (N.D. Ill. 1982). In all of these cases, the plaintiff intended to sue only one defendant, "mistakenly sue[d] the wrong business among very closely aligned businesses," and subsequently substituted the "proper party for the closely aligned but improperly named original defendant." *Brown*, 322 F. Supp. 2d at 951.

### 3. Hersh and Toney

BHG argues that the situation here is different, because the plaintiff, despite apparently being on notice as to the defendant employer's proper name and Kentucky domicile, sued a real but unrelated Tennessee limited liability company, not a non-entity, whose presence in the lawsuit defeated diversity jurisdiction. The defendant argues that the situation here is more like those in *Toney v. Rimes* and *Hersh v. Economy Premier Assurance Company*.

In *Hersh*, the plaintiff sought to sue her underinsured motorist carrier for payment of underinsured motorist benefits. She thought her insurer was Metropolitan Property and Casualty Insurance Company d/b/a MetLife Auto & Home ("MetLife"), when, in fact, it was Economy Premier Assurance Co. ("Economy"). *Hersh*, 2009 WL 2762728, at *1. The two companies were related but "separate entities incorporated at different times and in different states." *Id.* at *1 n.1. The complaint actually named MetLife and did not mention Economy. The plaintiff served MetLife with a summons and copy of the complaint on February 19, 2009. MetLife immediately notified her that she had sued the wrong entity, upon which the plaintiff filed an amended complaint, and Economy agreed to waive service. The amended complaint deleted MetLife as a party and substituted Economy.

Economy filed a Notice of Removal based upon diversity of citizenship within thirty days of the filing of the amended complaint naming it as the defendant, but more than thirty days from

the filing of the original complaint naming MetLife. The plaintiff moved to remand based on untimeliness, arguing that service on MetLife was sufficient to put Economy on notice of the suit. The court rejected the plaintiff's argument on the basis that it "ignore[d] the distinction between MetLife and [Economy]." *Id.* at *2. More specifically:

> The fact that MetLife is affiliated with Defendant does not mean that service of process on MetLife equates to service of process on Defendant. The two companies are separate legal entities established under the laws of different states and Plaintiff has not presented any evidence that would allow this Court to disregard their distinct corporate form in this case. As such, service on MetLife notwithstanding, Defendant could not have removed this lawsuit until it had been named as a defendant and served with process pursuant to the Federal Rules of Civil Procedure.

*Id.* (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999)).

The court also found it significant that, in order for Economy to have removed prior to actually having been named as a defendant, it would have had to first intervene in the state court action under the state's procedural rules and then remove the case, because, otherwise,

> neither the state nor federal courts had jurisdiction to entertain a petition for removal from [Economy]. In other words, both state and federal court lacked the constitutional authority to rule on a petition for removal by Defendant until Plaintiff named Defendant and served Defendant with process, or Defendant intervened.

*Id.* The court concluded that it was the plaintiff's obligation to name and serve process on the parties she wanted to bring before the court. It specifically rejected the plaintiff's reliance on *Bogiel*, in which the plaintiff "served the correct entity with process, but named the entity incorrectly in the complaint." *Hersh*, 2009 WL 2762728, at *3 (citing *Bogiel*, 542 F. Supp. at 47). "In contrast to *Bogiel*, in the case at hand, Plaintiff did not merely misname Defendant, she named and served a completely different entity. Thus, unlike the situation in *Bogiel*, the Boulder District Court did not have jurisdiction over Defendant until Plaintiff served Defendant with process on March 6, 2009." *Id.*

In *Toney v. Rimes*, the plaintiff, a resident of Louisiana, initially sued the Louisiana Farm Bureau Casualty Insurance Company ("LFB"), a Louisiana corporation, and two other defendants,

Cody Rimes and New Hope Maintenance Company, LLC ("New Hope"), neither of which was a Louisiana resident, in Louisiana state court. Third party State Farm Automobile Insurance Company filed a "Petition in Intervention," naming the Mississippi Farm Bureau Casualty Insurance Company ("MFB") as the defendant-in-intervention. 2017 WL 834985, at *1. A few months later, counsel for Rimes, New Hope, and MFB sent a fax to plaintiff's counsel stating that MFB was "improperly named as Louisiana Farm Bureau" in the complaint. *Id.* Counsel requested that the plaintiff amend the pleading to name MFB as the proper defendant and stated that, once the amendment was filed and served, MFB would "file a responsive pleading." *Id.*

Shortly thereafter, MFB filed its Answer to the Petition in Intervention. Five months later, the plaintiff finally filed an amended pleading, removing LFB as a defendant and adding MFB. Within thirty days of that date, the defendants collectively removed the case based on diversity jurisdiction. The plaintiff argued that the removal was untimely, having been filed more than thirty days after the defendants' receipt of "other paper" from which they could first ascertain that the case was removable. *Id.* at *2 (citing 28 U.S.C. § 1446(b)(3)). The plaintiff did not contend that the case as originally filed was removable, because there was no dispute that LFB and the plaintiff were both citizens of Louisiana, as a result of which complete diversity was lacking. Instead, the plaintiff argued that the statutory thirty-day period was triggered by the service of the petition in intervention upon MFB, or by counsel's letter informing the plaintiff that he had been retained to represent MFB, or when MFB filed its answer to the petition in intervention. *Id.* In response, the defendants contended that, regardless of their knowledge that the plaintiff had sued the wrong entity and that there would be complete diversity of citizenship once the improperly named defendant was dismissed, the case did not become removable until the plaintiff filed the amended complaint removing the non-diverse defendant.

The court agreed with the defendants, finding that none of the events upon which the plaintiff relied constituted an "other paper from which it may first be ascertained that the case is

one which is or has become removable." *Id.* at *3 (quoting 28 U.S.C. § 1446(b)(3)). It noted that the Fifth Circuit had held that "the 'other paper' requirement for removal must result from a 'voluntary act by the plaintiff.'" *Id.* (quoting *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996)). None of the events to which the plaintiff pointed was a "voluntary act by the plaintiff." *Id.* The court further concluded that the fact that the defendants subjectively knew that LFB was incorrectly named as a defendant did not change the analysis. *Id.* at *4 (citing *S.W.S. Erectors*, 72 F.3d at 494; *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992)).

Finally, the court rejected the plaintiff's attempt to rely on *Brown* and *Iulianelli*. The court characterized these cases as involving situations in which "the plaintiffs misnamed a defendant, the defendant removed the action after the plaintiffs amended the pleadings to correctly name the defendant, and the court found the action untimely removed." *Toney*, 2017 WL 834985, at *4. It found "[t]hese 'misnomer' cases [to be] significantly different and distinguishable from the instant case." *Id.* In particular, "Louisiana Farm Bureau Casualty Insurance Company" was not simply a misnomer for "Mississippi Farm Bureau Casualty Insurance Company"; the complaint actually alleged that LFB was a "domestic insurance company licensed to do and doing business in the State of Louisiana" and "provide[d] a particular address for service on a particular agent in Baton Rouge, Louisiana," *Id.* at *5. As a result, the court lacked jurisdiction over the case until LFB was removed from the action. As in *Hersh*, the court concluded that mere

> [k]nowledge that a case would become removable once the incorrect, non-diverse entity was dismissed, is not the same as knowledge there is complete diversity even though a diverse defendant is misnamed. The Court does not accept the proposition that Mississippi Farm Bureau was required (or even able) to remove the action until Plaintiff actually named it as a defendant and removed Louisiana Farm Bureau from the lawsuit.

*Id.*

4.      *Analysis*

Although the circumstances of this case differ in important respects from those of both sets of cases cited by the parties, the court finds them to be more closely related to *Brown*. While the outcome here is not governed by *Brown*, the court nonetheless finds it clear that (1) naming the defendant as "Bluegrass Hospitality, LLC dba Drake's" in the original Complaint filed in state court was an obvious misnomer from the beginning; (2) the misnomer did not have the effect of bringing a non-diverse defendant into the state court action; and (3) defendant BHG was on notice from the outset of the suit in state court—and certainly no later than early November 2019, when it accepted service of the first Amended Complaint filed on October 24, 2019 in the state court— that it was the intended defendant. Consequently, it could have raised diversity as an alternate ground for removal either in the initial Notice of Removal filed in *Hughen I* or an amendment thereto.

First: the plaintiff's naming "Bluegrass Hospitality, LLC" is clearly a misnomer. The case caption of the original state court Complaint did not simply refer to the defendant as "Bluegrass Hospitality, LLC" but as "Bluegrass Hospitality, LLC dba Drake's," referring to the restaurant at which she had worked. In addition, the defendant is identified as "Bluegrass Hospitality Group, LLC dba Drake's" in the body of the Complaint, the name by which the defendant referred to itself in its response to the plaintiff's EEOC charge, thus eliminating any possible confusion as to who the intended defendant was.

Admittedly, the plaintiff's error had the potential to deprive the court of diversity jurisdiction, because the name by which the defendant was misidentified apparently belongs to an actual, unrelated Tennessee limited liability company. However, the record does not suggest that Bluegrass Hospitality, LLC, ever did business as "Drake's." Moreover, although the first notice of removal was done in the name of "defendant Bluegrass Hospitality, LLC," the defendant was represented then by the same attorneys who represent BHG now. Although the plaintiff alleged in

the original Complaint that the defendant was a Tennessee company, the Second Amended Complaint naming BHG, filed in the state court action following remand, *still* incorrectly asserts that the defendant BHG is a Tennessee company, but the defendant has rebutted that allegation with the Declaration of counsel regarding BHG's citizenship, as it could have done in response to the original Complaint. And finally, it is entirely unclear whether Bluegrass Hospitality, LLC, the Tennessee limited liability company, was ever effectively served with the Complaint or believed itself to be a named defendant in this case. The documentation in the record indicates that plaintiff's counsel attempted to effect service on it at the Hermitage address listed on the Tennessee Secretary of State's website, but the certified mail sent to that address was returned undelivered, and it does not appear that the plaintiff made a subsequent effort to serve it. Considering all of these facts, the court concludes that the plaintiff's erroneously identifying the defendant as "Bluegrass Hospitality, LLC dba Drake's" and incorrectly stating that the defendant was a Tennessee resident, together, did not serve to bring Bluegrass Hospitality, LLC into the action or to defeat diversity jurisdiction.

Just as critically, as in *Bogiel* and *Brown*, but unlike in *Hersh* and *Toney*, the plaintiff "served the correct entity with process [despite naming] the entity incorrectly in the complaint." *Hersh*, 2009 WL 2762728, at *3 (citing *Bogiel*, 542 F. Supp. at 47). BHG was officially served with the original summons and Complaint in September 2019 and an amended summons and first Amended Complaint in early November 2019. It was likely on notice from the inception of the state court case—and clearly on notice no later than service of the amended summons and first Amended Complaint—that Bluegrass Hospitality LLC was simply a misnomer and that BHG was the intended defendant.

Under 28 U.S.C. § 1332(a), a court has subject-matter jurisdiction over a case raising state law claims only if there is complete diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1441(a) provides that any civil action over which the United States district

courts have original jurisdiction is removable. And § 1446(b) requires that a notice of removal be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief." In addition, however, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3).

Courts recognize that a "defendant may freely amend the removal petition within the 30-day period for removal." *Nero v. Maserati N. Am., Inc.*, No. 1:17 CV 1574, 2017 WL 4124976, at *2 (N.D. Ohio Sept. 18, 2017). However, once the removal period expires, the defendant may only amend the removal notice

> to set out more specifically the grounds for removal that already have been stated, albeit imperfectly, in the original notice. . . . In most circumstances, however, defendants may not add completely new grounds for removal or furnish missing allegations, even if the court rejects the first-proffered basis of removal, and the court will not, on its own motion, retain jurisdiction on the basis of a ground that is present but that defendants have not relied upon.

14C Charles Alan Wright et al., Federal Practice and Procedure § 3733 (4th ed. 2009) (collecting cases). In other words, if a complaint is initially removable based on both federal question and diversity but the defendant fails to mention diversity as an additional grounds for removal (prior to expiration of the 30-day removal period), the defendant waives removal on that basis. *Gavin v. AT & T Corp.*, 464 F.3d 634, 640 (7th Cir. 2006); *Uppal v. Elec. Data Sys.*, 316 F. Supp. 2d 531, 536 (E.D. Mich. 2004) (holding that the defendant waived its right to assert diversity jurisdiction as basis for removal where it did not assert diversity jurisdiction until responding to the plaintiff's motion to remand, when it realized that federal question jurisdiction was lacking).

In addition, "the statutes conferring removal jurisdiction are to be construed strictly because removal jurisdiction encroaches on a state court's jurisdiction," and doubts about removal

"should be resolved in favor of remand to the state courts." *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)).

This case presents a close call, but the court is persuaded that remand is required. Even if the original state court Complaint, arguably, was not removable based on diversity, BHG was served with a new summons and Amended Complaint around the beginning of November 2019. Although the case had technically been removed on October 25, 2019, the Amended Complaint and summons (respectively filed in and issued by the state court on October 24, 2019) constituted "other papers" generated by the plaintiff and served on BHG that eliminated any doubt as to the identity of the intended defendant and as to the fact that the plaintiff's reference to Bluegrass Hospitality, LLC was a mistake premised upon the defendant's identification of itself in its EEOC response as Bluegrass Hospitality Group, LLC. Despite the plaintiff's allegation that Bluegrass Hospitality, LLC was a Tennessee company, BHG knew that "Bluegrass Hospitality, LLC dba Drake's" was a misnomer and that complete diversity existed between the plaintiff and BHG, the intended defendant. It could have, at that point, filed an amended Notice of Removal. Because BHG did not file an amended Notice of Removal within thirty days of service of the first Amended Complaint, the Notice of Removal filed on March 19, 2020, asserting diversity jurisdiction, is untimely. By the same token, BHG waived the right to remove based on diversity by failing to include it as an alternative ground for removal in either the first Notice of Removal or an amendment thereto.

The court will therefore grant the plaintiff's Second Motion to Remand.

### B. Request for Attorney's Fees

The plaintiff also requests attorney's fees incurred in the preparation of the Second Motion to Remand, arguing a "lack of precedence allowing the employer a 'second bite' at the removal apple." (Doc. No. 5-1, at 9.)

The removal statute provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court, however, has instructed that, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *Paul v. Kaiser Found. Health Plan*, 701 F.3d 514, 523 (6th Cir. 2012). Fees should be denied if "an objectively reasonable basis exists" for removal. *Id.*

As noted above, the court finds this to be a close case, and the plaintiff herself is not entirely blameless in the confusion surrounding the identification of the defendant. Despite the court's conclusion that actual diversity existed from the outset of the state court case and that the defendant could and should have raised it as a ground for removal during the first removal proceedings, the plaintiff's post-remand filing of the Second Amended Complaint, unambiguously removing reference to "Bluegrass Hospitality, LLC," provided an objectively reasonable, albeit mistaken, basis for attempting a second removal. The plaintiff's request for attorney's fees will, therefore, be denied.

## IV. CONCLUSION

For the reasons forth herein, the court will remand this case to state court but will not award attorney's fees. An appropriate Order is filed herewith.

_____

ALETA A. TRAUGER
United States District Judge